UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S<small>HIRINE</small> P<small>ATMAN</small>,

    Plaintiff,

v.

C<small>OMMISSIONER OF</small> S<small>OCIAL</small>
S<small>ECURITY</small>,

    Defendant.

_____/

Case No. 19-cv-10263

U.S. D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#19] AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#20]**

Plaintiff Shirine Patman, proceeding *pro se*, appeals the Commissioner of Social Security's March 20, 2018 decision approving her request for disability insurance benefits under the Social Security Act. *See* ECF No. 14-2, PageID.58. While Plaintiff received a fully favorable decision from the administrative law judge ("ALJ"), she seeks retroactive benefits for the two years prior to her amended disability onset date.

Presently before the Court are cross motions for summary judgment. *See* ECF Nos. 19, 20. Plaintiff filed her motion for summary judgment on August 5, 2019. ECF No. 19. Defendant filed a separate motion for summary judgment on August 21, 2019. ECF No. 20. For the reasons that follow, the Court will **DENY** Plaintiff's

1

Motion for Summary Judgment [#19], **GRANT** Defendant's Motion for Summary Judgment [#20], and **AFFIRM** the ALJ's decision.

I.   BACKGROUND

**A. Relevant Facts**

Plaintiff Shirine Patman worked as a bus driver for Smart Transportation for over fifteen years. ECF No. 21, PageID.889. According to Plaintiff, pain and swelling in her right knee caused her to become disabled. ECF No. 14-2, PageID.73. She states that she was unable to continue her work after July 15, 2015. ECF No. 21, PageID.889.

Plaintiff also claimed benefits for her son under her claim number. ECF. No. 1, PageID.5. Her son, who qualifies for disability benefits because of his sickle cell disease and learning disabilities, previously received benefits under his deceased father. *Id.* Plaintiff states she was told that her son would be eligible for benefits under her claim number, as hers are greater than the benefits he received from his deceased father. *Id.*

Plaintiff claims her disability began July 15, 2015. ECF No. 21, PageID.889. However, on advice of her counsel, the date was amended to September 24, 2017. *See* ECF No. 19, PageID.875; ECF No. 20, PageID.879. Plaintiff alleges that it was her attorney's fault that she and her son failed to receive benefits beginning July 15,

2015 because the attorney did not require her presence at the hearing and encouraged her to amend her disability onset date. *Id.*

### B. Procedural History

Plaintiff first filed for Social Security Disability benefits on September 8, 2016, claiming that her disability began on July 15, 2015. ECF No. 14-5, PageID.204. She requested a hearing before an ALJ after the Social Security Administration denied her benefits. ECF No. 14-4, PageID.146. Prior to the hearing, at which she did not appear, Plaintiff amended her alleged disability onset date to September 24, 2017 on the advice of her counsel. ECF No. 14-5, PageID.224. On March 20, 2018, the ALJ issued a fully favorable decision to Plaintiff. ECF No. 14-2, PageID.58. Plaintiff subsequently sought review of the ALJ's decision by the Social Security Administration Appeals Council, which was denied. *Id.* at PageID.42. Plaintiff now seeks review of the ALJ's decision by this Court. ECF No. 1, PageID.1-10.

### C. The ALJ's Decision

The ALJ found Plaintiff was disabled under 20 C.F.R. § 404.1520 on September 24, 2017. ECF No. 14-2, PageID.64-66. The ALJ determined that Plaintiff had severe physical and mental impairments but retained the residual functional capacity to perform a range of light work. *Id.* In its analysis, the ALJ relied on a five-step sequential evaluation process, which included analyzing

Plaintiff's work activity, impairment severity, and her ability to make an adjustment to alternative work. *See* 20 C.F.R. § 404.1520.

Upon completion of the five-step evaluation process, the ALJ granted Plaintiff a fully favorable judgment and held that she "has been disabled under sections 216(i) and 223(d) of the Social Security Act since September 23, 2017." *Id.* at PageID.68. The ALJ's determination that Plaintiff qualified as disabled is not in dispute here. Instead, Plaintiff now seeks retroactive benefits for the period between July 15, 2015 and September 23, 2017. ECF. No. 1, PageID.5.

**D. Standard of Review**

This Court has authority to review the Commissioner's final administrative decisions on disability benefits pursuant to 42 U.S.C. § 405(g). This Court has the power "to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). However, the Court must "affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal citations omitted). Review is limited in that this Court may only review evidence in the record when determining whether or not the

4

ALJ's opinion was supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 512-513 (6th Cir. 2007).

## II. ANALYSIS

Plaintiff is presently seeking review of her judgment granting her disability insurance benefits. ECF No. 19. Plaintiff alleges that she has been denied retroactive benefits from 2015 and raises issues regarding her representation during the ALJ hearing. *Id.* Defendant separately moves for summary judgment, arguing that because a fully favorable judgment is not subject to judicial review, this Court lacks jurisdiction to hear Plaintiff's claims. ECF No. 20.

The Supreme Court has held that a claimant generally cannot appeal from a fully favorable judgment. *Forney v. Apfel*, 524 U.S. 266, 271 (1998) ("[A] party who receives all that [she] has sought generally is not aggrieved . . . and cannot appeal from it[.]"). A prevailing party may only appeal when she is aggrieved, and may only appeal "insofar as it denies her relief she has sought." *Id.* The Sixth Circuit has found that a claimant who is granted a fully favorable decision by the Commissioner does not have standing to appeal. *Steen v. Sec'y of Health and Human Services*, No. 95-1155, 1995 WL 452274 (6th Cir. 1995).

Here, Plaintiff received a fully favorable judgment from an ALJ for certain disability benefits. ECF No. 14-2, PageID.58. Plaintiff attempts to appeal that judgment, however, because she believes her benefits should apply retroactively to

5

July 15, 2015—two years before the amended onset date of her disability. In contrast, Defendant asserts that Plaintiff cannot amend the date now and points to *Steen*, a Sixth Circuit case bearing similarities to the present matter. *See Steen*, 1995 WL 452274. In *Steen*, the Sixth Circuit found that only decisions which are unfavorable to a claimant are subject to review. *Id.* at *2. The plaintiff in *Steen* sought to appeal the Social Security Administration's award of attorney fees and the amount of disability benefits she was awarded after receiving a favorable judgment by the ALJ. *Id.* at *1. However, as in *Steen*, Plaintiff is precluded from appealing her decision here because it was fully favorable. *Id; see also Buck v. Sec'y of Health and Human Servs.,* 923 F.2d 1200 (6th Cir. 1991) (holding that where the Commissioner issues a decision that is fully favorable to the claimant, the claimant cannot seek judicial review).

Plaintiff does not contest that her onset disability date was knowingly amended from July 15, 2015 to September 23, 2017 prior to the hearing on her disability status. *See* ECF No. 19, PageID.874. The ALJ acknowledged the amendment of the date and granted all relief requested by Plaintiff at the time of the hearing. *See* ECF No. 14-2, PageID.63. Plaintiff therefore received all of the relief to which she could have been entitled, given the amended disability onset date. Instead of contesting the ALJ's determination, however, it appears that Plaintiff seeks to challenge the amendment of her disability onset date.

Plaintiff alleges that review is appropriate because she did not understand the law and did not receive adequate assistance from her attorney regarding her case. ECF No. 19, PageID.874.  Specifically, Plaintiff argues that on January 20, 2018, her attorney stated that her claim would be approved if she agreed to "certain conditions."  *Id.*  She also claims that her attorney informed her she did not need to appear at the hearing.  *Id.*  She states that she agreed with her attorney at the time and followed her attorney's instructions because she was "tired and beat down."  *Id.*  Plaintiff now moves for review of her case, however, because she believes her attorney acted improperly by informing her that her presence was not necessary at the hearing.  *Id.*  Defendant argues that summary judgment is appropriate because Plaintiff is bound by the acts of her attorney, even if she later disagrees with them, and thus this Court cannot review her claims.  ECF No. 20, PageID.884.  Instead, Defendant points to alternative administrative avenues that Plaintiff may pursue regarding the adequacy of her attorney's representation.  ECF No. 20, PageID.885.

To counter Plaintiff's allegations, Defendant relies on *Abdullah*, a case from this District holding that a "party is bound by the acts of his lawyer who acts as the party's agent."  *Abdullah v. Comm'r of Soc. Sec.*, No. 07-cv-12340, 2008 WL 564977 at *2 (E.D. Mich. 2008) (Borman, J.).  The district court found that the claimant could not "avoid the consequences of the acts" of the attorney and agent,

7

even if they later disagreed with them. *Id.* at *2 (citing *Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 524 (6th Cir. 2006)).

The instant matter presents facts that are nearly identical to those in *Abdullah*. Here, Plaintiff agreed to an amended onset date and did not attend her benefits hearing after being informed her presence was not necessary. ECF No. 19, PageID.874. She argues that she did not attend because she "was so tired and beat down that [she] just didn't care any more." *Id.* However, just as in *Abdullah*, Plaintiff is bound by the acts of her attorney, even if she later disagrees with the final outcome. *Abdullah*, 2008 WL 564977 at *2.

Additionally, Plaintiff's attorney here specified in the amendment letter that Plaintiff "understood the ramifications" of amending her onset date. ECF No. 14-5, PageID.224. The present record indicates that Plaintiff received a fully favorable judgment with an amended onset date that Plaintiff consented to at the time of the hearing. *Id.*; *See also Louis v. Comm'r of Soc. Sec.*, No. 6:07-cv-0557, 2008 WL 1882707 (N.D.N.Y. 2008) (holding there is no jurisdiction in the district court when plaintiff was the recipient of a fully favorable decision, and plaintiff, through counsel, asserted an onset date). Accordingly, Defendant has established that summary judgment is appropriate in this matter and that Plaintiff's motion must fail. Plaintiff may seek review of her attorney's representation through the appropriate administrative avenues. *See*, *e.g.*, 20 C.F.R. §§ 404.1740, 1745.

## III. CONCLUSION

For the reasons discussed herein, the Court will **DENY** Patman's motion [#19], **GRANT** the Commissioner's motion [#20], and **AFFIRM** the ALJ's decision.

**IT IS SO ORDERED.**

                                           s/Gershwin A. Drain
                                           GERSHWIN A. DRAIN
                                           UNITED STATES DISTRICT JUDGE

Dated: July 30, 2020

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 30, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager